| | |
|---|---|
| PMT MACHINERY SALES, INC. | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.: |
| v. | : |
| | : REMOVAL FROM THE CIRCUIT |
| YAMA SEIKI, USA, INC. | :COURT OF MILWAUKEE COUNTY, |
| | :WISCONSIN, Case No.: 17-CV-12583, |
| Defendant. | : |
| | : |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§1441 and 1446, Defendant

Yama Seiki, USA, Inc. ("Yama Seiki"), by and through undersigned counsel, hereby gives notice

of removal of this case to this Court from the Circuit Court of Milwaukee County, Wisconsin,

where this action is now pending.  Defendant appears solely for the purpose of removal and for

no other purpose, reserving all defenses available to it.  In support of this Notice of Removal,

Defendant represents as follows:

### Statement of the Case

1.     Plaintiff PMT Machinery Sales, Inc. ("PMT") filed its Complaint in the Circuit

Court of Milwaukee County, Wisconsin against Defendant on or about November 8, 2017

seeking redress in the form of injunctive relief and damages for Defendant's alleged breaches of

a dealership agreement and claims under the Wisconsin Fair Dealership Law ("WFDL"), Chapter

135 of the Wisconsin Statutes.  A copy of the Summons and Verified Complaint filed with the

Milwaukee County Circuit Court is attached hereto as Exhibit "A."

1

2. The Complaint purports to assert the following counts: (1) Defendant affected a substantial change in the competitive circumstances of the dealership in violation of Wis. Stat. §§ 135.03 and 135.04; (2) Defendant's threat to remove the exclusivity of PMT's dealership territory is not based upon good cause and is a substantial change in the competitive circumstances in violation of Wis. Stat. §§ 135.03 and 135.04; and (3) Defendant failed to provide notice and opportunity to cure constituting violations of Wis. Stat. § 135.04.

3. In terms of relief, PMT seeks: (1) Damages for Defendant's claimed allowance of another dealer to sell machine tools in PMT's alleged exclusive market area; (2) For temporary and permanent injunctive relief pursuant to Wis. Stat. §§ 135.06 and 135.065 due to Defendant's alleged violations of Wis. Stat. §§ 135.03 and 135.04; and (3) Claims for costs and reasonable actual attorneys' fees incurred under the WFDL.

4. Defendant was served with the Complaint on or around November 15, 2017.

**Diversity Jurisdiction Under 28 U.S.C. § 1332**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6. PMI is a Wisconsin corporation with its principal place of business in the State of Wisconsin. See Exhibit A, Verified Complaint at ¶ 1.

7. Defendant Yama Seiki is a California corporation with its principal place of business in the State of California. See Exhibit A, Verified Complaint at ¶ 2. See also Declaration of Jiun-Jeng Wang attached as Exhibit B.

2

8. Plaintiff did not specify the amount of money damages at stake; however the amount in controversy satisfies 28 U.S.C.A. § 1332 diversity jurisdiction requirements. Plaintiff has demanded an unspecified amount of money damages, as well as attorney fees and costs. Plaintiff seeks damages for the perceived cancellation or substantial alteration of an alleged dealership agreement. Defendant's 2016 sales under the alleged dealership agreement were $554,000.00 and 2017 sales to date were $603,600.00. *See* Declaration of Jiun-Jeng Wang.

9. Well over $75,000.00 is in controversy and the jurisdictional threshold under 28 U.S.C.A. § 1332(a) is satisfied. In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977); *Fitzgerald Railcar Servs. of Omaha, Inc. v. Chief Indus.,* 141 F. App'x 491, 492 (8th Cir. 2005) ("To determine the amount in controversy, we look to the pecuniary effect an adverse declaration will have on either party to the lawsuit.") (citing *City of Moore v. Atchison, Topeka & Santa Fe Ry. Co.,* 699 F.2d 507, 509 (10th Cir. 1983)). When the petition does not specify the amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Ray Mart, Inc. V. Stock Bldg. Supply of Texas, LP,* 435 F. Supp. 2d 578, 585 (E.D. Tex. 2006) (holding that the declaratory judgment's worth is equivalent to the value of the defendant's employment during contractual time period, including salary, commission, benefits, bonuses and fringe benefits).

**All Procedural Requirements for Removal Have Been Satisfied.**

10.     Pursuant to 28 U.S.C.A. § 1446(a), a true and correct copy of all of the process, pleadings, order, and documents from the State Court action which have been served upon Defendant are being filed with this Notice of Removal as Exhibit A.

11.     Pursuant to 28 U.S.C.A. § 1446(a), this Notice of Removal has been filed within 30 days of the date Defendant was served with the Summons or the Complaint in this matter.

12.     Removal is proper to this Court pursuant to 28 U.S.C.A. § 1446(a) and 28 U.S.C.A. § 1441(a) because the U.S. District Court for the Eastern District of Wisconsin is the federal judicial district embracing the Circuit Court of Milwaukee County, Wisconsin where Plaintiff originally filed the State Court action.

13.     Pursuant to 28 U.S.C.A. § 1446(d), Defendant will give written notice to the adverse party of this filing and will file a copy of this Notice with the Circuit Court of Milwaukee County, Wisconsin promptly after the filing of this Notice.  A copy of the Notice to State Court of Filing of Notice of Removal is attached as Exhibit C.  A copy of the Notice to Parties of Filing of Notice of Removal is attached as Exhibit D.

14.     By this Notice of Removal, Defendant does not waive any objection it may have as to service, jurisdiction, venue, or any other defenses or objections it may have to this action.  Defendant intends no admission of fact, law or liability by this Notice of Removal, and expressly reserve all defenses, motions and/or pleas.

4

WHEREFORE, Defendant respectfully requests that this case be removed from the Circuit Court of Milwaukee County, Wisconsin to this Court pursuant to 28 U.S.C.A. §§ 1441 and 1446, and proceed in this Court as an action properly removed.

Dated this 12th day of December, 2017.

BY: /s/Randall L. Gast
Randall L. Gast
Attorney for Defendant
State Bar No: 1022132
Hanaway Ross, SC
345 S. Jefferson St.
Green Bay, WI 54313
Telephone No. 920-432-3381
Fax: 920-432-4037
randy@hanaway.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served by United States mail, postage prepaid, as well as electronic mail, this 12th day of December, 2017, upon:

Chris J. Trebatoski
1101 N. Old World 3rd St.
Suite 202
Milwaukee, WI 53203

*Attorney for Plaintiff*

/s/Randall L. Gast
Randall L. Gast
Attorney for Defendant

5